UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVON HERRON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-01343-JPH-MKK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

Davon Herron filed a petition under 28 U.S.C. § 2255 seeking to have his 180-month sentence vacated, set aside, or corrected. For the reasons explained in this Order, Mr. Herron's petition for relief is **denied**, the action is **dismissed with prejudice**, and no certificate of appealability will issue.

**I.
The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of

1

constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II.
## Factual Background

Mr. Herron was charged in a superseding indictment with three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act Robbery) (Counts 1, 3, and 5) and three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2, 4, and 6). *United States v. Herron,* 1:17-cr-144-JPH-TAB-4 ("*Herron I*"), dkt. 56. Mr. Herron was thereafter charged in *United States v. Herron,* 1:17-cr-00178-JPH-TAB-01 ("*Herron II*"), with Hobbs Act Robbery (Count 1) and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).

The parties filed a petition to enter a plea of guilty and plea agreement, under Federal Rule of Criminal Procedure 11(c)(1)(C). *Herron I*, dkt. 135. Pursuant to the plea agreement, Mr. Herron agreed to plead guilty to Counts 1, 3, and 5 of the superseding indictment (each a separate charge of Hobbs Act Robbery) in *Herron I* and to Counts 1 and 2 of the indictment in *Herron II*, *id.* ¶ 1a-c, with an agreed sentence of 180–240 months' imprisonment. *Id.* ¶ 9a. The three additional § 924(c) counts of brandishing a firearm during and in

relation to a crime of violence that were charged in *Herron I* were dismissed. *Herron I*, dkt. 214.

On February 4, 2019, the Court held Mr. Herron's change of plea hearing. *Herron I*, dkt. 153. After finding that Mr. Herron was fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense, the Court accepted the plea agreement and adjudged Mr. Herron guilty of four counts of Hobbs Act Robbery and one count of brandishing a firearm during and in relation to a crime of violence. *Herron I*, dkt. 267.

The Court sentenced Mr. Herron to a total term of 180 months' imprisonment in *Herron II*, based on 96 months on Count 1 and a consecutive term of 84 months on Count 2. *Herron II*, dkt. 77. In *Herron I*, the Court sentenced Herron to 96 months, on each of Counts 1, 3, and 5, to be served concurrently to each other and to Count 1 in *Herron II*. *Herron I*, dkt. 217. So the total sentence imposed for both cases was 180 months' imprisonment.

Judgment was entered on January 14, 2020. *Id.* Mr. Herron did not appeal.

On July 5, 2022, Mr. Herron filed a motion for leave to file an initial § 2255 petition, dkt. 1, which resulted in this case being opened and the Court providing Mr. Herron with the notice required by *Castro v. United States*, 540 U.S. 375, 383 (2003), dkt. 2. The Court gave Mr. Herron the opportunity to file

3

an amended § 2255 motion and to show cause why this case should not be dismissed as untimely. *Id.* Mr. Herron filed his brief in support of his § 2255 motion on December 16, 2022. Dkt. 8. The United States responded, and Mr. Herron filed a motion for judicial notice as his reply. Dkts. 18, 19.

## III.
## Discussion

Mr. Herron challenges his conviction under § 924(c) for brandishing a firearm in furtherance of a crime of violence. Dkt. 8 at 8. He argues that, under the Supreme Court decisions in *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022), his Hobbs Act Robbery does not qualify as a "crime of violence" to support the § 924(c) conviction. *Id.* at 9. The United States responds that any claim based on *Davis* is barred by the statute of limitations, that his claims are waived and procedurally defaulted, and regardless of those hurdles, neither *Davis* nor *Taylor* support the merits of Mr. Herron's claims. Dkt. 18 at 1. Because Mr. Herron's claim fails on its merits, the Court need not address the United States' other arguments.

Section 924(c)(1)(A)(ii) requires imposition of a seven-year sentence of incarceration if a defendant is convicted of brandishing a firearm during and in relation to a crime of violence. The statute defines the term "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Here, Mr. Herron challenges his conviction under this statute, arguing that his Hobbs Act Robbery does not qualify as a crime of violence. Dkt. 8 at 9. He points out that, in *Davis*, the Supreme Court held that clause (B) of § 924(c)(3) (the "residual clause") is unconstitutionally vague. *Id.* This holding was based on previous decisions in *Johnson v. United States*, 576 U.S. 591, 606 (2015) (finding the similar residual clause of the Armed Career Criminal Act to be unconstitutionally vague) and *Sessions v. Dimaya*, 584 U.S. 148, 152 (2018) (finding the residual clause of the definition of "crime of violence" in the federal criminal code to be unconstitutionally vague). But those cases don't help Mr. Herron because the Seventh Circuit has held that Hobbs Act robbery qualifies as a crime of violence, not under the residual clause, but under the "elements clause," § 924(c)(3)(A). *See United States v. Worthen*, 60 F.4th 1066, 1069 (7th Cir. 2023); *United States v. McHaney*, 1 F.4th 489, 491 (7th Cir. 2021) (citing cases).

Mr. Herron also cites *United States v. Taylor*, 596 U.S. 845, 852 (2022), in support of his motion for relief. There, the Supreme Court held that *attempted* Hobbs Act Robbery is not a "crime of violence" under § 924(c)(3). Here, Mr. Herron was convicted of a completed Hobbs Act Robbery, not attempted Hobbs Act Robbery, so *Taylor* cannot support his challenge.

5

Finally, Mr. Herron argues that under *United States v. White*, 80 F.4th 811 (7th Cir. 2023), his robberies were not crimes of "physical violence," but instead involved only "psychological coercion." Dkt. 19 at 2. The defendant in *White* participated as an organizer and a lookout in a string of armed robberies. *White*, 80 F.4th at 814. The Seventh Circuit held that the physical restraint enhancement under the Sentencing Guidelines for one of his robberies in that case was inappropriate because none of the victims were confined. *Id.* at 819. Mr. Herron contends that this ruling supports his argument that his Hobbs Act Robbery does not constitute a crime of violence because he did not use physical force during his robberies. Dkt. 19 at 3. But nothing in *White* undermines the Seventh Circuit's holding that Hobbs Act Robbery is a crime of violence. *Worthen*, 60 F.4th at 1069; *McHaney*, 1 F.4th at 491. Further, the Seventh Circuit's conclusion that Hobbs Act Robbery is a crime of violence is based on a categorical approach which examines the statutory elements of the offense and "disregards the actual facts of the defendant's offense conduct." *See Worthen*, 60 F.4th at 1068. Mr. Herron therefore has failed to show that his Hobbs Act Robbery is not a "crime of violence."

Mr. Herron briefly argues that his convictions for Hobbs Act Robbery and brandishing a gun in connection with that robbery violate the Double Jeopardy Clause of the Fifth Amendment. Dkt. 8 at 14–15. There is no merit to this argument because "[a]rmed . . . robbery and use of a gun during a crime of violence are difference offenses for double jeopardy analysis." *United States v. Ramos*, 494 F. App'x 641, 643 (7th Cir. 2012); *see also United States v. Harris*,

6

832 F.2d 88, 91 (7th Cir. 1987). And it "would not matter if they were the same . . . because Congress may authorize cumulative punishments in a single prosecution charging violations of different statutes proscribing the same offense." *Id.* (citing *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005)).

In short, because Hobbs Act Robbery qualifies as a "crime of violence" to support a conviction for brandishing a firearm during and in relation to a crime of violence, Mr. Herron has demonstrated no error in his conviction or sentence. *Blake*, 723 F.3d at 878–79 ("Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.").

## IV.
## Conclusion

For the reasons explained in this Order, Mr. Herron is not entitled to relief on his § 2255 motion. His conviction and sentence were not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.

Mr. Herron's motion for judicial notice, dkt. [19], is **GRANTED** only to the extent that the argument in that filing was considered.

Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in Case No. 1:17-cr-144-JPH-TAB-4 and in Case No. 1:17-cr-00178-JPH-TAB-01.** The motion to vacate in Case No. 1:17-cr-144, dkt. [261], shall also be **terminated**.

7

## V.
## Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Herron has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 4/9/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVON HERRON
15955-028
MEMPHIS - FCI
MEMPHIS FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O, BOX 34550
MEMPHIS, TN 38184

All electronically registered counsel

8